**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4454**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALLISON AMANDA SAULS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. J. Michelle Childs, District Judge. (3:16-cr-00560-JMC-9)

Submitted: January 17, 2019                    Decided: January 30, 2019
Amended: January 31, 2019

Before KING, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allison Amanda Sauls appeals the district court's criminal judgment entered following her guilty plea to federal wire fraud, in violation of 18 U.S.C. § 1343 (2012). On appeal, Sauls challenges the district court's calculation of the loss amount and denial of her motion to withdraw her guilty plea, arguing as to the latter that she credibly asserted her legal innocence, that her plea was not knowing and voluntary, and that she was not assisted by competent counsel. We affirm in part and dismiss in part.

A criminal defendant may withdraw a plea if she can "show[ ] a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *see* Fed. R. Crim. P. 11(d)(2). The district court may consider six factors in determining whether the defendant has met her burden: (1) whether she provided credible evidence that her plea was not knowing or voluntary; (2) whether she credibly asserted her legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether the defendant had assistance of competent counsel; (5) whether the withdrawal would prejudice the government; and (6) whether a withdrawal would waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).

"To be convicted of mail fraud or wire fraud, a defendant must specifically intend to lie or cheat or misrepresent with the design of depriving the victim of something of value." *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012). Sauls' motion to withdraw her guilty plea primarily hinges on her argument that she is innocent of the

2

crime to which she pled guilty because she "denied she knew she was doing anything wrong, much less with any intent to defraud." (Appellant's Br. (ECF No. 17) at 25; *see id.* at 15-17, 25-26). However, this argument rests on a misreading of specific intent. We have held that specific intent refers to "[t]he intent to accomplish the precise criminal act that one is later charged with." *United States v. Batato*, 833 F.3d 413, 430 (4th Cir. 2016) (citing Black's Law Dictionary (10th ed. 2014)). So the necessary intent to defraud requires that the defendant specifically intended to deceive or cheat someone, as opposed to merely taking action that knowingly or recklessly results in fraud. *See United States v. Raza*, 876 F.3d 604, 623 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2679 (2018). "This specific intent to defraud is the *only* mens rea requirement for mail fraud and wire fraud." *Wynn*, 684 F.3d at 478 (emphasis added).

As a result, Sauls' argument that "the plea transcript is very confusing . . . on acts of culpability" does not establish her legal innocence or support withdrawal of her plea. (Appellant's Br. at 27). To the contrary, the plea hearing indicates that Sauls acted with the requisite intent to defraud. Sauls admitted that she made false representations that deceived others and enabled her to "accept[ ] payments on loans on accounts receivable that [were not] hers." (J.A. 154-55).[*] She was aware of and specifically intended that result. (J.A. 157-58). The second element, proof of the use of a wire, is uncontested. Thus, the district court did not abuse its discretion in concluding that Sauls failed to credibly assert her legal innocence.

---

[*] "J.A." refers to joint appendix filed by the parties.

3

Sauls contends that various defects in the Fed. R. Crim. P. 11 hearing support a fair and just reason to withdraw her guilty plea. She argues that, pursuant to the first *Moore* factor, her plea was not knowing or voluntary. But although Sauls may not have had a firm grasp on the details of the fraud at the plea hearing, there is no evidence to suggest that she misunderstood the nature of the plea or was acting under some form of coercion. In fact, she made sworn statements in the plea agreement and plea hearing that she had specifically discussed the plea with her attorneys and entered the plea of her own free choice. Sauls also argues that, pursuant to the fourth *Moore* factor, she was not assisted by competent counsel. This directly contradicts her own sworn statements in the plea agreement and plea hearing that she had discussed the relevant issues with her attorneys and was satisfied with their representation. Sauls' conclusory allegations of ineffective assistance do not "demonstrate objectively incompetent representation" pursuant to *United States v. Lambey*, 974 F.2d 1389, 1392 (4th Cir. 1992) (en banc). *See United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995). Accordingly, the district court did not abuse its discretion in finding that Sauls' plea was knowing, voluntary, and supported by competent representation.

The remaining *Moore* factors are similarly unavailing for Sauls. As to the third factor, Sauls moved to withdraw her guilty plea over five months after she pled guilty. We have held that six-week and two-month delays are too long, so this factor weighs against withdrawal. *Nicholson*, 676 F.3d at 384. The district court did not make any findings regarding the fifth and sixth factors. *See Sparks*, 67 F.3d at 1154 (stating that where "the first four factors identified in *Moore* militate against granting the defendant's

4

motion, it can reasonably refrain from trying to ascertain just how much withdrawal of the plea would prejudice the government and inconvenience the court"). In this case, the first four *Moore* factors do not support a fair and just reason for withdrawal of Sauls' plea, and the district court did not abuse its discretion in denying her motion to do so.

Finally, Sauls seeks to appeal the district court's determination of the total loss amount for sentencing purposes. But upon review of the plea agreement and the transcript of the Rule 11 hearing, we agree with the Government and conclude that Sauls knowingly and voluntarily waived her right to appeal and that the issue Sauls seeks to raise on appeal falls squarely within the compass of her waiver of appellate rights. *See United States v. Tate*, 845 F.3d 571, 574 & n.1 (4th Cir. 2017); *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). Therefore, we affirm the district court's denial of the motion to withdraw her guilty plea and dismiss the appeal of the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*